PENNINGTON v. SMITH et al.

(Circuit Court, S. D. New York. July 8, 1896.)

TRUSTEES—DEALINGS WITH PROCEEDS OF TRUST PROPERTY.

A wife, dying, left a will dividing her property between her husband and their two minor children, making the former trustee for the latter. The trustee sold real estate in New Jersey belonging to the trust, and deposited the proceeds in a New York bank, to the credit of his subsequent wife. He also placed in the hands of a trust company, with the sanction of the orphans' court, a sum somewhat in excess of the total share of the children. He thereafter caused his wife to draw money from

the bank, and expend the same partly for the benefit of the children, but mainly for his own benefit. He afterwards died, leaving all his property to his wife, and making her the guardian of the children. At his death, part of the money still remained in the New York bank. Thereafter a New Jersey court appointed a third person trustee and special guardian of the children, and said trustee brought this suit to impress on the remainder of the fund in bank a trust in favor of his wards. *Held* that, as the father and former trustee had already invested for the children a sum in excess of the full amount belonging to them, a court of equity would not, on any technical grounds, award the remainder of the money in bank to them, but would consider it as belonging entirely to the widow.

This was a suit by William Pennington, as trustee for Louise Condit Smith and Sallie Barnes Smith, against Emma Condit Smith and the Fifth Avenue Bank of New York, to impress a trust upon certain funds held in deposit by the bank.

This controversy has already been before the court. 69 Fed. 188. The facts as they appeared at that time—June, 1895—are fully set out in the reported decision. Since then new testimony has been taken before the master and an accounting has been had. The case now comes on upon the master's report, the exceptions thereto and the additional evidence returned by him. This additional testimony was taken upon the suggestion of the court and consent of counsel, the complainant waiving all formalities and consenting that it be considered with the same force and effect as if a rehearing had been ordered. The defendant, Mrs. Smith, insists that it now appears by the new evidence that George Condit Smith deposited with the Central Trust Company under deeds of trust more than his children were entitled to from the estate of Mrs. Sallie Smith, and, it is argued, that he had a right to reimburse himself from the proceeds of the sale of the real estate and consequently the court should decree that the money in the Fifth Avenue Bank does not belong to the trust estate. It also appears that letters testamentary were granted to the defendant Emma Condit Smith by the surrogate of New York on the 7th of February, 1895, as executrix of the last will and testament of her husband, George Condit Smith, deceased, and that she was appointed guardian of her husband's minor children. The report of the master is as follows:

"To the Honorable the Judges of the Circuit Court of the United States for the Southern District of New York. By the interlocutory decree of September 30, 1895, this cause was referred to the undersigned as one of the masters of the court to ascertain and report, (1) what amount of money belonging to the trust aforesaid remains in the possession of the defendant, the Fifth Avenue Bank. In the event of finding an amount in said bank less than $5,856.87 the master is then directed to ascertain, (2) whether the balance was disbursed by said defendant Smith with full knowledge that it belonged to said trust estate and report the amount so disbursed by her: (3) To take and state the account of the said Emma Condit Smith of any of said moneys lawfully expended by her for the purpose of said trust. (4) To ascertain and report the amount of said moneys now remaining in her hands, including what may be on deposit in the said Fifth Avenue Bank, together with the lawful interest thereon. Pursuant to said decree I proceeded to investigate the matters referred in the presence of the parties and their respective attorneys, and from such investigation I find and report as follows:

"First. From the certificate of the defendant, the Fifth Avenue Bank, which was admitted to be correct, I find and report that at the commencement of this action there was on deposit in said bank to the credit of Emma Condit Smith the sum of four thousand one hundred and ten dollars and fifty-one cents ($4,110.51), and that said amount still remains deposited therein.

"Second. The amount so found being less by the sum of $1,746.36 than the amount of $5,856.87 as stated in the decree I find as matter of fact under the further direction of the decree. (1) That during his lifetime George Condit Smith as executor and trustee of his deceased wife's estate received the sum of ten thousand dollars in two payments of five thousand dollars each being a

portion of the purchase-money mortgage upon the sale of certain real property belonging to said estate situated in East Orange, New Jersey. That said George Condit Smith had a personal right to $4,143.13 of said moneys and the balance $5,856.87 was trust funds and belonged to his minor children. (2) That with the consent of defendant Smith the whole of said sum of ten thousand dollars was deposited or caused to be deposited by said George Condit Smith in the Fifth Avenue Bank to the credit of defendant Smith who regarded the said deposit as belonging to her husband and drew her checks thereon as requested by him and expended portions thereof under his supervision and direction; that she withdrew by checks on said deposit and returned to her husband the sum of $3,220.75; that with his approval she paid and expended for his infant children interested in the estate a sum of at least $1,589.80; that under like approval and authority the sum of $1,078,94 was used to defray household, medical, traveling and incidental expenses of said George Condit Smith and his family, leaving a balance on deposit as hereinbefore found of $4,110.51. (3) That at the time said sum of ten thousand dollars was received by her said husband and deposited in her name she was informed by a letter received from Mr. Pennington who is now suing as trustee that the interest of her husband in said sum was $4,143.13 and the balance was trust funds. She was also informed by her husband that he had set aside for said minor children out of the balance of said estate an amount in excess of their legal right sufficient to cover their interest in the purchase-money mortgage upon which said ten thousand dollars were paid in consequence of which he claimed the whole of said money as his own. (4) That defendant Smith did not treat said moneys as her own to do with as she pleased but as moneys subject to the order and direction of her said husband and that she did not use any portion for her individual use and benefit save as a member of the family of her husband for which a portion was expended. From the foregoing findings of fact I find as conclusions of law that all of the expenditures out of said fund were disbursements of her husband the said George Condit Smith and not the disbursements of this defendant so as to make her liable to this plaintiff as trustee for any misappropriation thereof.

"Third. From the proofs in the case I find and report that from said fund there was paid and expended by defendant Smith under the direction and approval of her husband for the sole use and benefit of his said minor children, being within the purposes of the trust, the following amounts.

| | |
|---|---:|
| "Dry goods and dressmaking | $650 00 |
| Clothing for children | 300 00 |
| Coat for one child | 99 44 |
| "    " other child | 76 25 |
| Underclothing | 49 00 |
| Railroad fare | 15 11 |
| Board for horses | 400 00 |
| | $1,589 80 |

That additional expenses were incurred on behalf of said chidren but the amount thereof cannot be determined from the proofs.

"Fourth. I find and report that the amount of money now remaining out of said fund is four thousand one hundred and ten dollars and fifty-one cents ($4,-110.51) being the balance on deposit with the Fifth Avenue Bank upon which she is not chargeable with interest for the reason that said fund was held subject to the direction of her husband up to the time of his death and very soon thereafter she was prevented from using or investing the same or exercising any ownership or control over the same by the order of this court.

"I further report that upon a stipulation of counsel testimony has been taken as to various matters outside of the order of reference concerning which the master has no authority to make findings. The testimony so taken is returned herewith to the court in connection with the proofs upon which the foregoing findings and report are made.

"Respectfully submitted.                    John A. Shields, Master.
"New York, February 10th, 1896."

Exceptions to the report were filed by the complainant. The defendant has filed no exceptions.

John Brooks Leavitt, for complainant.
Alexander Thain and Thomas M. Tyng, for defendant.

COXE, District Judge (after stating the facts). This controversy has been presented in a manner so disjointed that the study heretofore expended is of little value in determining the present issue. The principle defense now relied on is not alleged in the answer and was not referred to at the former hearing. The court will, however, consider the new questions as if they were properly presented by the pleadings. It is understood that it is the wish of both parties that the cause shall be decided upon the merits, all technical objections being waived and the necessary amendments being considered as made. Approaching the cause in this spirit the one prominent consideration which overtops all others is the fact that the trust estate has already been more than paid the full amount due from the deceased trustee. With the sanction of the orphans' court of Essex county, N. J., there was deposited with the Central Trust Company of New York the sum of $88,900 in trust for the benefit of the minor children of George Condit Smith. This was in 1890 and 1891. The balance of the Crossley bond and mortgage, $7,500, is also in the hands of the trustee for the benefit of the infants, making a total of $96,400. It further appears that the entire trust fund due the infants under the will of their mother, including both real and personal property, was $95,338.43. In other words, the trust estate has already received $1,061.57 more than it was entitled to receive under the will creating it. This being so it is hard to discover any principle of equity which will justify the court in taking $5,000 more from the estate of the deceased trustee and adding it to the fund of the infants. They were entitled to have $95,000 set aside for them under their mother's will. There has been set aside for them $96,000. What more can they ask? What more does equity demand? The fact that the beneficiaries happen to be the children of the deceased trustee in no way alters the legal aspect of the case. The law should be administered as if he had acted as trustee for the children of a total stranger. When it appears that he has invested for the benefit of his wards every dollar to which they are entitled should the court be astute in seeking to discover some theory by which $5,000 can be taken from his widow and added to the already overpaid trust estate? It is thought not. Not only is the fact of overpayment fully proved, but it also appears that Mr. Smith supposed that his additions to the infants' personal property would reduce pro tanto their interest in the real estate. This is proved by his statement to Mr. Conant and his letter of August, 1893, in which he says of the Crossley mortgage, "It is a good security. The children practically have no interest in it after I deduct what I have already deposited to their credit in the Central Trust Company." It is perfectly plain that Mr. Smith did not intend to present the trust estate with these "overpayments." He fully expected to be allowed for them in some form.

But it is argued that he became so involved in a net of his own construction that it was impossible for him to reach forth his hand to

take what was his due and his estate is in exactly the same plight. It is said: First. That his act in charging the "overpayments" to himself was final and cannot be undone. Second. That subsequent to the deeds of trust to the Central Trust Company he acknowledged that the infants' share in the Crossley mortgage was $13,356 and his executrix is now estopped from asserting to the contrary. Third. That the $5,000 deposited in the defendant bank was the proceeds of the sale of New Jersey real estate and must still be considered real estate in legal contemplation to be dealt with only by the court ordering the sale. That in the absence of an express order it cannot be used to exonerate the personal fund. Fourth. That whatever rights the executrix has in the premises must be enforced against the personal estate by reopening the account, or otherwise. These and other objections which have been urged are plausible, but they hardly touch the merits. It is thought that they must fail in the presence of the overwhelming and hardly disputed fact that the trust has even now more than it is strictly entitled to. The suggestion that the money deposited in the New York bank is New Jersey real estate would seem to be an ingenious legal fiction which need hardly dissuade a court of equity from doing what it deems to be justice between the parties. This is not a question of nomenclature but of practical common sense. Let it be once conceded that the trust fund has $5,000 to which it is not entitled and it can make no possible difference whether the trustee's estate is reimbursed from funds in the Fifth Avenue Bank or in the Central Trust Company. The complainant seems hardly to deny that the situation is one where the defendant Smith is entitled to relief but it is contended that she cannot obtain it in this action. It is probably true that after long and expensive litigation she could have redress of some sort in the courts of New Jersey, but why turn her out of this court? This is a court of equity having jurisdiction of the parties and control of the fund. The infants are fully represented and every fact bearing upon the controversy has, presumably, been adduced. Why compel the parties to seek another tribunal for a decision which can as well be rendered here? When they have almost reached the goal why turn them back to begin the arduous journey anew? It is, perhaps, unnecessary to repeat what was said at the argument as to the character of this litigation further than to say that the fact that the real parties in interest are infants should induce the court to terminate the dispute with as little delay and expense as possible. It follows that the bill must be dismissed but, as the defendant permitted the action to proceed until it had reached the master before proving the defense which has now succeeded, she should pay costs to the complainant.